**Xiamei GUO, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–74510.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Xiamei Guo, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision,

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

which affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA made an independent determination of whether relief is appropriate, we review the decision of the BIA. *See Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny this petition for review.

Substantial evidence supports the BIA's adverse credibility finding based on Guo's presentation of a fraudulent asylum claim. *See Akinmade v. INS,* 196 F.3d 951, 955–56 (9th Cir.1999) (explaining that false statements made to establish the critical elements of an asylum claim involve "the heart of the asylum claim") (citation and internal quotation omitted). We lack jurisdiction to consider Guo's contention that the BIA erred in relying on information from the Immigration and Naturalization Service's Assessment to Refer, because she failed to exhaust her objection regarding the document's authenticity before the IJ or the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

Because Guo did not establish that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

This court lacks jurisdiction to consider Guo's CAT claim because she failed to

exhaust the issue with the BIA. *See Barron,* 358 F.3d at 678.

Guo's remaining contentions are without merit.

Guo's motion for stay of removal is denied.

## PETITION FOR REVIEW DENIED.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.